UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MILTON SAMUELS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | Civil Action No. 20-6970 (RBK)<br><br><br>**OPINION** |

**ROBERT B. KUGLER, U.S.D.J.**

　　Petitioner is a federal prisoner currently incarcerated at FCI Fort Dix, in Fort Dix, New Jersey. He is proceeding *pro se* with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Additionally, before the Court is Petitioner's motion to set aside judgment under Federal Rule of Civil Procedure 60. (ECF No. 4). For the reasons stated below, the Court will dismiss the Petition for lack of jurisdiction and deny Petitioner's motion to set aside judgment.

## I.　BACKGROUND

　　In 2009, a jury convicted Petitioner of conspiracy to distribute cocaine and of use and carrying of a firearm in relation to a drug trafficking crime. (*United States v. Samuels*, No. 08-789, (S.D.N.Y.), ECF No. 159). The United States District Court for the Southern District of New York sentenced Petitioner to 276 months in prison. (*Id.*). The Second Circuit affirmed on appeal. *McLean v. United States*, No. 08-789, 2016 WL 3910664, at *3 (S.D.N.Y. July 13, 2016) (citing *United States v. Sanchez*, 419 F. App'x 27 (2d Cir. 2011)). The Supreme Court denied Petitioner's petition for a writ of certiorari in October of 2011. *Samuels v. United States*, 565 U.S. 884 (2011). Thereafter, Petitioner filed his first motion under 28 U.S.C. § 2255 and received a denial in July of 2016. *McLean*, 2016 WL 3910664, at *1.

The remaining procedural history is unclear, but it appears that Petitioner filed at least five second or successive § 2255 motions or other filings later construed as second or successive § 2255 motions. (*United States v. Samuels*, No. 08-789, (S.D.N.Y.), ECF No. 450). Petitioner received a denial on each motion, and it appears that the Second Circuit has never issued a certificate of appealability or granted leave to file a second or successive § 2255 motion. (*See id*.). Thereafter, in December of 2020, the Southern District of New York transferred Petitioner's sixth second or successive § 2255 motion to the Second Circuit, as an application for leave to file a second or successive § 2255 motion. That request remains pending.

In June of 2020, Petitioner filed the instant Petition arguing: (1) that the trial court lacked jurisdiction over his case; and (2) that there is no factual basis for his conviction under 18 U.S.C. § 924(c) because he "was never convicted of a drug trafficking charge." (ECF No. 1, at 6). In July of 2020, Petitioner filed a motion to set aside judgment under Federal Rules of Civil Procedure 60(b) and 60(d), arguing again that the trial court lacked jurisdiction over his case.

## II.     STANDARD OF REVIEW

Federal district courts have a pre-service duty under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, which is applicable to § 2241 petitions pursuant to Rule 1(b), to screen and summarily dismiss a habeas petition prior to any answer or other pleading when the petition "appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (explaining that courts may dismiss petitions where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

### III.    DISCUSSION

**A. Jurisdiction Under § 2241**

Petitioner challenges his conviction and sentence under 28 U.S.C. § 2241.  Generally, a person must bring a challenge to the validity of a federal conviction or sentence under 28 U.S.C. § 2255.  *See Jackman v. Shartle*, 535 F. App'x 87, 88–89 (3d Cir. 2013) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)).  This is generally true because § 2255 prohibits a district court from entertaining a challenge to a prisoner's federal sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective."  *See* 28 U.S.C. § 2255(e).  Indeed, § 2255(e) states that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

A § 2255 motion is "inadequate or ineffective," which permits a petitioner to resort to a § 2241 petition, "only where the petitioner demonstrates that some limitation or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."  *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002).  However, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255."  *Id.* at 539.  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."  *Id.* at 538.  "The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements."  *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251–52 (3d Cir. 1997)).

In *Dorsainvil*, the Third Circuit held that the remedy under § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251.

Nevertheless, the Third Circuit emphasized that its holding was not suggesting that a § 2255 motion was "inadequate or ineffective" merely because a petitioner is unable to meet the strict gatekeeping requirements of § 2255. *See id.*

Thus, under *Dorsainvil* and its progeny, this Court would have jurisdiction over Petitioner's Petition if, and only if, Petitioner alleges: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, and (3) for which he had no other opportunity to seek judicial review. *See Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017); *Okereke*, 307 F.3d at 120; *Cradle*, 290 F.3d at 539; *Dorsainvil*, 119 F.3d at 251–52.

Here, Petitioner fails to allege facts sufficient to bring his conviction within the *Dorsainvil* exception. Petitioner does not allege that he is "actually innocent" *as a result of a retroactive change in substantive law* that negates the criminality of his conduct. Rather, he is challenging the jurisdiction of his sentencing court.

As a general matter, however, sentencing courts can entertain challenges to their jurisdiction under § 2255. 28 U.S.C. § 2255(a) (stating that a prisoner may move to vacate, set aside or correct a sentence that "was imposed in violation of the Constitution or laws of the United States, *or that the court was without jurisdiction to impose such sentence*." (emphasis added)); *see, e.g.*, *Robinson v. Ortiz*, No. 18-859, 2018 WL 1942518, at *3 (D.N.J. Apr. 25, 2018); *Taillon v.*

4

*Wigen*, No. 14-0176, 2015 WL 13035060, at *3 (W.D. Pa. Jan. 20, 2015) (finding that a lack of subject matter jurisdiction claim "is precisely the type that must be brought in a § 2255 motion before the district court that sentenced him.").

Next, Petitioner contends that there was "no factual basis" for his conviction under 18 U.S.C. § 924(c) because he "was never convicted of a drug trafficking charge." (ECF No. 1, at 6). Petitioner offers no further elaboration on this point. Petitioner may be arguing that the sentencing court lacked jurisdiction to sentence him for conspiracy to distribute cocaine, and therefore, he could not have used and carried a firearm in relation to a drug trafficking crime. The Court will construe his arguments as again challenging the sentencing court's jurisdiction and challenging the sufficiency of the evidence.

As discussed above, § 2255 is not inadequate or ineffective to challenge a sentencing court's jurisdiction. *See, e.g.*, 28 U.S.C. § 2255(a). Similarly, § 2255 is not inadequate or ineffective to hear sufficiency of the evidence claims, and prisoners can raise such claims on direct appeal. *E.g.*, *Hatches v. Schultz*, No. 09-0848, 2009 WL 3152123, at *3 (D.N.J. Sept. 25, 2009); *Yepes v. United States*, No. 93-2310, 1993 WL 525578, at *3 (D.N.J. Dec. 15, 1993) (explaining the standard for reviewing a sufficiency of the evidence claim in a § 2255 proceeding); *see also United States v. Hilts*, No. 11-133, 2018 WL 1960948, at *2 (W.D. Pa. Apr. 26, 2018).

As a result, the Court finds that the allegations in the Petition, accepted as true, would not necessarily demonstrate that "some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication." *Cradle*, 290 F.3d at 538; *see also Massey v. U.S.*, 581 F.3d 172, 174 (3d Cir. 2009).

Accordingly, since the *Dorsainvil* exception does not apply here, this Court lacks jurisdiction to entertain these challenges to Petitioner's conviction and sentence. Whenever a party

files a civil action in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631.  Since Petitioner has already pursued a motion under § 2255, he must seek authorization from the Second Circuit to file a second or successive § 2255 motion. 28 U.S.C. § 2244(b)(3).  This Court finds that it is not in the interest of justice to transfer this Petition to the Second Circuit, as it does not appear that Petitioner can satisfy the requirements of § 2244(b)(2).  However, this Court's decision does not prevent Petitioner from seeking permission from the Second Circuit on his own.

### B. Motion to Set Aside Judgment

To the extent Petitioner has filed a motion under Federal Rule of *Civil* Procedure 60(b) or 60(d) to vacate his *criminal* judgment, the Court will deny that motion.  As the Third Circuit has held, "Rule 60(b) cannot be used as an independent means to relieve a defendant of a judgment in a criminal case, because the Federal Rules of Civil Procedure are not applicable to criminal cases." *E.g.*, *Gray v. United States*, 385 F. App'x 160, 162 (3d Cir. 2010); *Smith v. United States*, No. 14-1595, 2014 WL 1311408, at *1 (D.N.J. Mar. 27, 2014).  "'The appropriate vehicle for a criminal defendant seeking to challenge his or her conviction or sentence is a motion under 28 U.S.C. § 2255,' not a motion under Rule 60(b) of the Federal Rules of Civil Procedure." *Smith*, 2014 WL 1311408, at *1 (quoting *Gray*, 385 F. App'x at 162–63).

For the same reasons, Petitioner cannot independently use Federal Rule of Civil Procedure 60(d) to vacate his criminal judgment. *Sharpe v. United States*, No. 02-771, 2010 WL 2572636, at *2 (E.D. Pa. June 22, 2010); *see also*, *e.g.*, *Gray*, 385 F. App'x at 162–63; *Wright v. Hartunian*, No. 17-3377, 2017 WL 2882292, at *2 (D.N.J. July 6, 2017).

Indeed, in his motion to set aside judgment, Petitioner contends that his sentencing court lacked jurisdiction over him, a type of claim specifically enumerated under § 2255. *See* 28 U.S.C. § 2255(a) (stating that a prisoner may move to vacate, set aside or correct a sentence that "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence.").

Accordingly, the Court will deny Petitioner's motion to set aside judgment under Rules 60(b) and 60(d). Additionally, as Petitioner has already filed a § 2255 motion, and because it does not appear that Petitioner can satisfy the requirements of § 2244(b)(2), the Court will not transfer the motion to the Second Circuit as an application for leave to file a second or successive § 2255 motion. In any event, Petitioner expressly states that he does not want the Court to characterize his motion as one under 28 U.S.C. § 2255. (ECF No. 4, at 1).

## IV.  CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition for lack of jurisdiction and deny Petitioner's motion to set aside judgment. An appropriate order follows.

DATED: January 14, 2021                                  s/Robert B. Kugler
                                                        ROBERT B. KUGLER
                                                        United States District Judge

7